UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE No. | 16-51398 (JAM) |
| ANGELA HARRISON, | ) | | |
| | ) | CHAPTER | 7 |
|     DEBTOR. | ) | | |
| | ) | | |
| ANGELA HARRISON, | ) | ADV PRO. No. | 17-05005 |
| | ) | | |
|     PLAINTIFF | ) | | |
| | ) | | |
| V. | ) | | |
| | ) | | |
| SANTANDER BANK, N.A. AND | ) | RE: ECF Nos. | 1, 10, 11 |
| SPECIALIZED LOAN SERVICING, LLC, | ) | | |
| | ) | | |
|     DEFENDANTS. | ) | | |

## ORDER ABSTAINING FROM ADVERSARY PROCEEDING

A hearing was held on June 19, 2017, on the Court's Order to Show Cause and Stay Adversary Proceeding Pending Hearing (the "Order to Show Cause", ECF No. 23), to address whether the Court should mandatorily and/or permissively abstain from hearing this Adversary Proceeding. For the reasons set forth below, the Court decides to abstain from hearing and determining this Adversary Proceeding. The above-captioned Adversary Proceeding shall be closed.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") on October 24, 2016. On February 7, 2017, a hearing was held in the Chapter 7 Case on Santander Bank, N.A. f/k/a Sovereign Bank's ("Santander"), Motion for Relief from the Automatic Stay to Exercise Setoff Rights and Other Equitable Relief dated January 6, 2017

(the "Motion for Relief", ECF No. 37), the Debtor's Objection to the Motion for Relief dated January 18, 2017 (the "Objection", ECF No. 43), and the Notice of Compliance with Court's Request for Supporting Documents filed by Santander on January 20, 2017 (the "Supporting Documents", ECF No. 48).  On May 3, 2017, the Court granted relief from the automatic stay in favor of Santander pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), as more particularly described in the Court's Memorandum and Order Granting Relief from Automatic Stay to Santander Bank, N.A. f/k/a Sovereign Bank (the "Order Granting Relief", ECF No. 72).

While the Chapter 7 Case was pending and prior to entry of the Order Granting Relief, the Plaintiff commenced the instant adversary proceeding (the "Adversary Proceeding"), against Santander, Mortgage Electronic Registration Systems, Inc., as Nominee for Geneva Mortgage Corp., Geneva Mortgage Corp., Terwin Advisors LLC, Specialized Loan Servicing, LLC, and John Does 1-50 (collectively, the "Defendants").  In the adversary complaint (the "Complaint"), the Plaintiff alleges that she "was forced to file for bankruptcy to stop a sale of her property." The Plaintiff claims, *inter alia*, that the efforts of Santander to obtain relief from stay were in bad faith and claims damages.  The Complaint seeks to quiet title and claims that Santander does not own the mortgage loan.

From the Court's review of the pleadings filed in the Chapter 7 Case and this Adversary Proceeding, the Court determined that a substantial question existed as to whether this Court should hear and determine this Adversary Proceeding or whether it should abstain from doing so.[1]  Accordingly, on May 5, 2017, the Court issued the Order to Show Cause which: (1) set a

---

[1] The Court is aware of two pending proceedings involving these parties relating to the real property known as 7 Sable Street, Norwalk, Connecticut (the "Property") that were commenced prior to the Chapter 7 Case: (1) a mortgage foreclosure action commenced by Santander in connection with the Property against the Plaintiff in the Connecticut Superior Court (the "State Court Action"); and (2) a mortgage foreclosure action commenced by Santander in connection with the Property against the Plaintiff in the United States District Court for the District of Connecticut, entitled Santander Bank, NA v. Angela Harrison, No. 3:15-cv-01730 (AVC) (the "District Court Action").

hearing for June 19, 2017, for the Plaintiff to show cause why the Court should not mandatorily and/or permissively abstain from hearing this Adversary Proceeding (the "Show Cause Hearing"); (2) ordered the parties to file any pleadings in support of or in opposition to abstention on or before June 2, 2017; and (3) stayed the parties from filing any documents and taking any action in this Adversary Proceeding until further order of this Court.

On June 2, 2017, the Defendants filed a Memorandum of Law in Opposition to Abstention and Supporting Dismissal Due to an Absence of Subject Matter Jurisdiction (the "Memorandum in Opposition", ECF No. 26), and the Plaintiff filed a Motion to Show Cause to Proceed with Adversary Proceeding (the "Motion to Proceed with Adversary Proceeding", ECF No. 27).

The Show Cause Hearing was held on June 19, 2017. The Plaintiff, *pro se*, and counsel for the Defendants, made oral presentations with respect to the issues raised in the Order to Show Cause, the Memorandum in Opposition, and the Motion to Proceed with Adversary Proceeding. During the hearing, the Court also discussed with the parties whether permissive abstention was appropriate in light of the case law on this issue, the pending State Court Action and pending District Court Action, and the state law claims asserted by the Plaintiff in this Adversary Proceeding. At the conclusion of the Show Cause Hearing, this matter was taken under advisement.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (b)(3) and the District Court's General Order of Reference dated September 21, 1984.

### III. <u>DISCUSSION</u>

Pursuant to 28 U.S.C. § 1334(c), "courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' 28 U.S.C. § 1334(c)(1)." <u>In re Cody, Inc.</u>, 281 B.R. 182, 190 (Bankr. S.D.N.Y 2002) <u>aff'd in part</u>, <u>appeal dismissed in part</u>, 338 F.3d 89 (2d Cir. 2003). In considering whether permissive abstention is appropriate under Section 1334(c), courts have considered one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

<u>See</u> <u>In re Osuji</u>, 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017); <u>In re Pers. Comm. Devices, LLC</u>, 556 B.R. 45, 56-57 (Bankr. E.D.N.Y. 2016).

"Permissive abstention is warranted when it is more appropriate to have a State court hear a particular matter of State law." <u>In re Pan Am. Corp.</u>, 950 F.2d 839, 846 (2d Cir. 1991). "Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." <u>In re Abir</u>, Case No. 09-CV-2871 (JF), 2010 WL 1169929, at *7, 2010 U.S. Dist. LEXIS 28471, ay *21 (E.D.N.Y. Mar. 22, 2010).

### A. **Permissive Abstention is Warranted in This Adversary Proceeding**

Permissive abstention is warranted in this Adversary Proceeding based upon the presence of the following factors: (i) state law issues predominate over bankruptcy issues; (ii) the difficulty or unsettled nature of the applicable state law; (iii) there was, and currently are, related non-bankruptcy court proceedings pending—the State Court Action and the District Court Action; (iv) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (v) the substance rather than the form of an asserted "core" proceeding; and (vi) the feasibility of severing the state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

Permissive abstention is appropriate because state law issues are completely dominant over bankruptcy issues in this Adversary Proceeding. The Complaint asserts claims arising under Connecticut law related to Santander's claimed lien against the Property and Santander's allegedly fraudulent conduct with regard to the pending foreclosure action. The Connecticut Superior Court and the District Court applying state law are better equipped to adjudicate the state law issues between the parties relating to the Property and any alleged fraud. The Court will not interfere with the state court and/or the District Court's ability to make a determination on the merits of the State Court Action or the District Court Action. Connecticut law is well settled on foreclosure issues, and where Connecticut law is not settled, the state courts or the District Court applying state law are the proper forums to determine such issues. To the extent that another court has determined that Santander had a right to foreclose, the Debtor may seek further relief in that other court that entered a judgment in Santander's favor.

There are currently two other actions pending outside this Court, which is a factor that weighs heavily in favor of permissive abstention. The jurisdictional basis, if any, other than 28

U.S.C. § 1334, does not dictate that the state court issues should be resolved by this Court. The claims that have been brought in this Adversary Proceeding all relate to the State Court Action and the District Court Action, which are not "core" proceedings because they concern issues that cannot be decided by the bankruptcy court. There also would be no enforcement of a state court or District Court judgment by the bankruptcy court because the state court and the District Court applying state law enforce their own judgments.

The Court finds that of the twelve factors to be considered, factors one and six impact the Plaintiff's case and weigh against the application of permissive abstention. With regard to the first factor, the Court finds that there would be an effect on the administration of the Plaintiff's bankruptcy estate if the Court abstained from hearing this Adversary Proceeding because there would be no further relief for the Plaintiff to seek against these Defendants in her Chapter 7 Case if this Adversary Proceeding were closed. With regard to the sixth factor, the Court also finds that the degree of relatedness or remoteness of this Adversary Proceeding to the Plaintiff's main bankruptcy case is a factor that weighs against abstention because the claims asserted in the Complaint relate to an asset of the Plaintiff's bankruptcy estate.

However, the Court finds that the second, third, fourth, fifth, seventh, and eighth factors weigh heavily in favor of permissive abstention, and the ninth, tenth, eleventh, and twelfth factors are not relevant in this case. Based upon the analysis of the twelve factors outlined above, and in the exercise of its discretion and in the interest of comity with the State Courts, the Court will abstain from deciding this Adversary Proceeding under 28 U.S.C. § 1334(c)(1).

## IV.    CONCLUSION

The Plaintiff has failed to demonstrate cause to proceed with her Adversary Proceeding in this Court. The underlying issues are jurisdictionally and properly before the state court and

the District Court for adjudication. Further, the Court finds it appropriate to exercise its discretion and permissively abstain under 28 U.S.C. § 1334(c)(1).

For the forgoing reasons, it is hereby

**ORDERED:** The Court hereby abstains from hearing and determining this Adversary Proceeding; and it is further

**ORDERED:** The above-captioned Adversary Proceeding shall be closed; and it is further

**ORDERED:** On or before July 24, 2017, the Clerk's Office shall serve this Order upon Ms. Angela Harrison via Certified Mail, return receipt requested, at 7 Sable Street, Norwalk, CT 06854, which is the address listed on the Adversary Complaint.

IT IS SO ORDERED at Bridgeport, Connecticut this 24th day of July 2017.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut